CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
JUL 29 2005
JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| FREDERICK D. PETERS,<br>    Plaintiff, | )<br>)<br>) |
| v. | )   Case No. 7:04-CV-00678<br>) |
| T. POWERS, et al.,<br>    Defendants. | )   By:  Michael F. Urbanski<br>)          United States Magistrate Judge |

## REPORT AND RECOMMENDATION

Plaintiff Frederick D. Peters, a Virginia inmate proceeding pro se, has filed a civil rights action pursuant to 42 U.S.C. § 1983, with jurisdiction vested under 28 U.S.C. § 1343. Peters, incarcerated at Red Onion State Prison ("Red Onion"), filed three complaints in this court against several prison officials alleging excessive force and deliberate indifference to his medical needs. Defendants have moved for summary judgment. This matter has been referred to the undersigned United States Magistrate Judge for report and recommendation.

There are two reasons for the recommendation of dismissal of this action. First, while claims of excessive force and deliberate indifference to a serious medical need often require resolution by a finder of fact, the facts here are uncontroverted that the injuries of which plaintiff complains are not serious. Indeed, there is no material factual dispute that they are, in fact, de minimis. Second, in support of their Rule 56 motion, defendants filed sworn affidavits indicating that the force employed was a good faith response to plaintiff's refusal to return to his cell as ordered and that he first refused, and then was provided medical treatment. Plaintiff has not filed any response disputing the facts set forth in these affidavits. On June 9, 2005, a Roseboro notice was issued by the court to plaintiff advising him that no response by him to the motion and affidavits will be considered by the court to reflect a loss of interest by plaintiff and/or agreement

with defendants' position. Plaintiff has filed no opposition contesting the assertions in the summary judgment motion and supporting affidavits.

As such, it is recommended that the case be dismissed. Plaintiff has filed nothing to dispute defendants' affidavits that the injuries were not serious and were, at worst, de minimis. Plaintiff likewise has filed nothing to refute defendants' assertion that the force applied resulted from a good faith effort to maintain order following plaintiff's refusal to obey an order to return to his cell. As such, the Fourth Circuit's precedent in Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975), and Rule 56 of the Federal Rules of Civil Procedure, there is no material fact remaining for adjudication. As such, it is the recommendation of the undersigned that defendants' motion for summary judgment be granted and this case be dismissed and stricken from the active docket of the court.

I

Plaintiff alleges that defendants used excessive force against him while escorting him from the showers back to the cell. (Docket No. 3, Attach. 1, at 3.)[1] Plaintiff states that on July 24, 2004, Officer McClelland and Officer Powers assaulted him. Id. Plaintiff states that he was dragged into a stairway and held by Officer McClellan while Officer Powers punched him twice in the face or head. Id. Plaintiff indicates that the assault continued when he was returned to his cell and that additional punches were delivered to the back of his head and his upper shoulder. Id. Plaintiff also indicates that he was slammed to the floor in the course of the assault. Id.

---

[1] The allegations in plaintiff's complaint regarding the excessive force and deliberate indifference claims were not verified. See Docket No. 3 (labeled Verified Statement). The first page of the document is a verified statement having to do with exhaustion. Its attachments, however, are not verified. Instead, they are inmate grievance forms and other materials supporting the truth of the verified statement.

Plaintiff stated that he did nothing to physically provoke these assaults, but that he believes these assaults resulted from his having filed grievances against the officers. Id.; see also (Dec. 4, 2004 Aff. at 1.)

Plaintiff also contends that prison officials failed to treat some injuries he received in the alleged assault. (See Docket No. 6 at 2.) Plaintiff contends that he sustained contusions to the side and back of the head and to the neck and upper shoulder area. Id. He states that his shoulder joints were inoperative due to the guards having manipulated them. Id. Plaintiff states that Officers Powers and McClellan told Nurse Brooks that plaintiff did not need medical care and that he was alright. Id. Plaintiff indicates that when Nurse Brooks returned to see him a second time, she stated that plaintiff was "okay" and that if plaintiff wanted further treatment, he should put in for sick call. Id. Plaintiff states that his request for sick call never got to the medical department. Id. Plaintiff contends that this series of events violates his constitutional rights.

Defendants have responded to plaintiff's allegations with a number of sworn affidavits. Defendants agree with plaintiff that they were escorting him to his cell. Defendants indicate that after plaintiff's shower and on the way to his cell, Peters stopped walking. See (McClellan Aff. ¶ 4; Powers Aff. ¶ 4.) Defendants state that plaintiff refused to continue walking back to his cell even after he was ordered to do so. When this happened, defendants Powers and McClellan then picked plaintiff up and carried him to his cell. Defendants state that plaintiff was returned to his cell without incident or injury. (Phillips Aff. ¶ 4.)

Defendants Powers and McClellan reported to their supervisor, Sgt. Fannin, the necessity to use force to return plaintiff to his cell. Sgt. Fannin instructed the officers to fill out incident

3

reports, and he requested that a nurse examine Peters. Defendants state that later that day Sgt. Fannin was informed that Peters alleged Officers Powers and McClellan had beaten Peters while escorting him to his cell. Sgt. Fannin investigated the alleged incident and determined that the allegations of a beating were false. (Fannin Aff. ¶¶ 4, 6.)

Defendants contend that the force used in returning plaintiff to his cell was solely an effort to restore and maintain discipline, that plaintiff was never beaten or injured, and that plaintiff has presented no evidence to the contrary. Defendants indicate that plaintiff's medical records directly contradict his version of the alleged events. (See Phipps Aff. ¶ 4.) The affidavit of Nurse Phipps states that she was called to treat plaintiff on July 24, 2004. Id. Phipps states that plaintiff refused to come to his door/cell window for assessment, and that she could not see any other injuries. Id. Defendants contend that it is uncontraverted that plaintiff disobeyed a direct order to walk to his cell and that, as a result, mild force was applied to him in the form of lifting him off the ground and moving him there, solely for the purpose of maintaining discipline and returning him safely to his cell. (McClellan Aff. ¶ 4; Powers Aff. ¶ 4; Fannin Aff. ¶¶ 4, 6.)

## II

Summary judgment is proper where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Federal Rule of Civil Procedure 56. Upon motion for summary judgment, the court must view the facts, and the inferences to be drawn from those facts, in the light most favorable to the party opposing the motion. United States v. Diebold, Inc., 369 U.S. 654, 655 (1962). Rule 56(c) mandates entry of summary judgment against a party who "after adequate time for discovery and upon motion . . . fails to make a showing sufficient to establish the existence of an element essential to that party's case,

4

and on which that party will bear the burden of proof at trial." Celotex v. Catrett, 477 U.S. 317, 322 (1986). A genuine issue of material fact exists if a reasonable jury could return a verdict for the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986).

Ordinarily, a prisoner proceeding pro se in an action filed under § 1983 may rely on the detailed factual allegations in his verified pleadings in order to withstand a motion for summary judgment by the defendants that is supported by affidavits containing a conflicting version of the facts. Davis v. Zahradnick, 600 F.2d 458 (4th Cir. 1979). Thus, a pro se plaintiff's failure to file an opposing affidavit is not always necessary to withstand summary judgment. While the court must construe factual allegations in the nonmoving party's favor and treat them as true, however, the court need not treat the complaint's legal conclusions at true. See, e.g., Estate Constr. Co. v. Miller & Smith Holding Co., 14 F.3d 213, 217-18 (4th Cir. 1994); Custer v. Sweeney, 89 F.3d 1156, 1163 (4th Cir. 1996) (court need not accept plaintiff's "unwarranted deductions," "footless conclusions of law," or "sweeping legal conclusions cast in the form of factual allegations") (internal quotations and citations omitted). Here, however, plaintiff's allegations as to excessive force and deliberate indifference are not found in verified pleadings, and as plaintiff has not responded to the substance of the facts set forth in the affidavits supporting the summary judgment motion.

### III

### A

Use of physical force which constitutes "the unnecessary and wanton infliction of pain" by a prison guard upon an inmate violates the Cruel and Unusual Punishment Clause of the Eighth Amendment. Whitley v. Albers, 475 U.S. 312, 319 (1986) (internal quotations and

5

citations omitted). When officials stand accused of excessive use of force, the key inquiry is "whether the force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson v. McMillian, 503 U.S. 1, 7 (1992). In making this determination, the court must balance such factors as the need for the application of force, the relationship between the need and the amount of force actually applied, and the extent of injury inflicted. Id. (citing Whitley, 475 U.S. at 321). De minimis injury can be conclusive evidence that the force used was also de minimis and, therefore, not violative of constitutional protections. See Norman v. Taylor, 25 F.3d 1259, 1263, note 4 (4th Cir. 1994) (holding that "absent the most extraordinary circumstances, a plaintiff cannot prevail on an Eighth Amendment excessive force claim if his injury is de minimis").

Here, plaintiff's allegations of injury are refuted by sworn testimony and medical evidence. Uncontroverted evidence proves that plaintiff disobeyed a direct order to walk to his cell and that, as a result, mild force was applied to plaintiff in the form of lifting him off the ground and moved him to his cell. Under Hudson v. McMillian, the guards' effort was a good-faith effort designed to maintain discipline through getting plaintiff back to his cell. As such, it is appropriate to grant defendants' motion for summary judgment.

Additionally, it is appropriate to grant defendants' motion for summary judgment because plaintiff's medical records indicate that his injuries were, at worst, de minimis. Plaintiff has submitted evidence stating that when a nurse first came to see him, officers told her that there was nothing wrong with plaintiff, and that when she returned a second time, she found nothing wrong with him. See (Docket No. 6, ¶¶ 10-12.) In turn, defendants have testified via affidavit that plaintiff at first refused medical treatment and that later, Nurse Phipps found nothing wrong

6

with plaintiff. These stories do not diverge as to any material details and plaintiff does not even allege more serious injuries. As such, the court finds that plaintiff's injuries are de minimis as discussed under the case law.

Further, plaintiff's does not allege any of the "extraordinary circumstances" which allow suit even when a plaintiff suffers only de minimis injuries. Even if a prisoner's injuries are de minimis, he may still recover if "extraordinary circumstances" are present. See Norman, 25 F.3d at 1263. Extraordinary circumstances are present when the force used is "diabolic," "inhuman," or repugnant to the conscience of mankind, or the pain itself constitutes more than de minimis injury. Id., at 1263, and n.4 (citing Hudson, 503 U.S. at 8). Under such circumstances, even relatively minor injuries could constitute excessive force in violation of the Eighth Amendment. In this case, plaintiff's allegations, do not, in any respect, reach the level of "diabolic,"or "inhuman" conduct, or that which is repugnant to the conscience of mankind. Even taking all of plaintiff's allegations as true, what plaintiff alleges is a minor physical altercation between a prisoner and corrections officers who were attempting to return him to his cell that resulted in de minimis injuries.

Because plaintiff's injuries were de minimis, and he does not allege any "extraordinary circumstances" as required by Norman, and because plaintiff has not countered these allegations with an affidavit or other sworn response, it is the recommendation of the undersigned that defendants' motion for summary judgment be granted.

**B**

It is clearly established that prisoners are entitled to reasonable medical care and can sue prisoners under 42 U.S.C. § 1983 for violations of the Eighth Amendment if such care is

7

inadequate. However, prisoners are not entitled to "unqualified access to health care," Hudson v. McMillan, 503 U.S. 1, 9 (1992); "the right to treatment is...limited to that which may be provided upon a reasonable cost and time basis and the essential test is one of medical necessity and not simply that which may be considered merely desirable." Bowring v. Godwin, 551 F.2d 44, 47-48 (4th Cir. 1977).

To prove a constitutionally significant deprivation of medical care, the inmate must first show that, "objectively assessed," he had a "sufficiently serious" need which required medical treatment. Brice v. Virginia Beach Correctional Center, 58 F.3d 101, 104 (4th Cir. 1995). A medical need serious enough to give rise to a constitutional claim involves a condition that places the inmate at substantial risk of serious harm, usually loss of life or permanent disability; a condition for which lack of treatment perpetuates severe pain also presents a serious medical need. Farmer v. Brennan, 511 U.S. 825 (1994); Sosebee v. Murphy, 797 F.2d 179 (4th Cir. 1986); Loe v. Armistead, 582 F.2d 1291 (4th Cir. 1978).

Second, the inmate must demonstrate that each defendant was subjectively aware of plaintiff's need and its seriousness. See Johnson v. Quinones, 145 F.3d 164, 168-69 (4th Cir. 1998) (because evidence did not show that doctors knew inmate had pituitary gland tumor, failure to diagnose and treat tumor did not state Eighth Amendment claim even though inmate ultimately went blind). The inmate must show that the official was aware of objective evidence from which he could draw an inference that a substantial risk of harm existed, that he drew that inference, and that he failed to respond reasonably to the risk. Farmer, 511 U.S. at 844.

Thus, officials show deliberate indifference to a known, serious medical need by completely failing to consider an inmate's complaints or by acting intentionally and unreasonably

8

to delay or deny the prisoner access to adequate medical care. Estelle v. Gamble, 429 U.S. 97, 104 (1976); but see Belcher v. Oliver, 898 F.2d 32, 34 (4th Cir. 1990) (constitution does not require jail officials to screen pretrial detainee for suicidal tendencies without objective evidence of serious psychiatric need). Inadvertent failure to provide treatment, negligent diagnosis, and medical malpractice do not present constitutional deprivations. Estelle, 429 U.S. at 105-06. Therefore, the Fourth Circuit has expressed great reluctance in § 1983 cases to focus judicial scrutiny on medical judgments about the appropriateness of a specific course of medical treatment provided to an inmate:

> [W]e disavow any attempt to second-guess the propriety or adequacy of a particular course of treatment. Along with all other aspects of health care, this remains a question of sound professional judgment. The courts will not intervene upon allegations of mere negligence, mistake or difference of opinion.

Bowring v. Godwin, 551 F.2d 44, 48 (4th Cir. 1977); Russell v. Sheffer, 528 F.2d 318, 318 (4th Cir. 1975).

Here, according to affidavit testimony of both Nurse Phipps and Sgt. Fannin, plaintiff refused a medical examination and had no visible injuries. (Phipps Aff. ¶ 4; Fannin Aff. ¶ 4.) Plaintiff has not responded to this sworn testimony with any counteraffidavits or other sworn opposition. Given that plaintiff refused treatment and when he was examined was found not to have any apparent injuries, defendants could not be deliberately indifferent to his medical condition. As such, it is the recommendation of the undersigned that this claim be dismissed.

## IV

It is the recommendation of the undersigned that summary judgment be granted regarding all of plaintiff's claims and this case stricken from the active docket of the court.

9

The Clerk is directed to immediately transmit the record in this case to the Honorable Glen E. Conrad, United States District Judge. Both sides are reminded that pursuant to Rule 72(b), they are entitled to note objections, if they have any, to this Report and Recommendation within ten (10) days hereof. Any adjudication of fact or conclusion of law rendered herein by the undersigned not specifically objected to within the period prescribed by law may become conclusive upon the parties. Failure to file specific objections pursuant to 28 U.S.C. § 636(b)(1) as to factual recitations or findings as well as to the conclusions reached by the undersigned may be construed by the reviewing court as a waiver of such objection. Further, the Clerk is directed to send a certified copy of this Report and Recommendation to all counsel of record.

**ENTER:** This 29 day of July, 2005.

_____
UNITED STATES MAGISTRATE JUDGE